STATE OF MONTANA on the relation of LESTER KIDDER, Relator, v. W. J. FOUSE, as State Administrator of Public Welfare; STATE BOARD OF PUBLIC WELFARE; and DR. M. F. KELLER, M. W. EDWARDS, MRS. RAY NELSON, MRS. DAN WILLIAMS and H. A. TIBBALS, constituting the State Board of Public Welfare, and as members thereof, and GENE DALY, GARY

484

GORSH, AND WILLIS GERRY, CONSTITUTING THE BOARD OF
COUNTY COMMISSIONERS OF SILVER BOW COUNTY, MONTANA,
AND EX OFFICIO THE COUNTY BOARD OF WELFARE OF
SILVER BOW COUNTY, MONTANA, RESPONDENTS.

No. 10129.

Submitted February 4, 1960. Decided June 13, 1960.

353 P. 2d 755.

William Freebourn, Butte, for relator. William Freebourn
argued orally.

Forrest H. Anderson, Atty. Gen., Thomas H. Mahan, Sp.
Asst. Atty. Gen., Maurice F. Hennessey, County Atty., Silver
Bow County, Butte, for respondents. Thomas H. Mahan and
Maurice F. Hennessey argued orally.

MR. JUSTICE ADAIR delivered the Opinion of the Court.

Mandamus. Original proceeding. On January 20, 1960, the relator, Lester Kidder, petitioned this court for a writ of mandate to compel the respondents, State Board of Public Welfare, the respondent W. J. Fouse, as State Administrator of Public Welfare, and others, to make written application to the State Board of Examiners, under the provisions of section 2 of Chapter 40 of the Montana Session Laws of 1937 (now R.C.M. 1947, § 79-902), or to use from the legislative appropriation for the period from July 1, 1960, to June 30, 1961, such funds as may be necessary to provide and pay for such grants-in-aid to provide for general relief to the relator, Lester Kidder, and his family, and others similarly situated, all as provided for and as may be required under the provisions of the Public Welfare Act of the State of Montana, and particularly R.C.M. 1947, § 71-205.

The duly verified petition of the relator, Lester Kidder, being a person beneficially interested herein, having been filed in and presented to this court, and being supported by the affidavits of Thomas F. Connolly, J. Kenneth Davis and W. B. Freebourn, Esq., and requesting that this court assume original jurisdiction of this proceeding, and it appearing from such petition and affidavits that an unforeseen and unanticipated emergency occasioned by a prolonged strike in the copper mining industry in this state, then existed, justifying the acceptance by this court of this original proceeding, this court did, on January 27, 1960, consent to and accept original jurisdiction hereof.

Relator's petition, inter alia, recites: The relator, Lester Kidder, is a citizen of the United States and of the State of Montana. Continuously for thirteen years prior to filing his petition, relator had been a resident of Silver Bow County, Montana. Relator is a married man. His family consists of his wife, a minor son aged five and one-half years and himself. Both

relator's wife and his son were born in Butte, Montana, where they have since continued to reside.

The relator Kidder had been unemployed since April 3, 1957. Since that date he has been unable to obtain employment except casual, periodic or occasional employment amounting in all to but approximately twenty-two and one-half days. Other than such casual or occasional income, the relator has been without any income and he had and has no resources with which to provide the necessities of life for himself, his wife, and his minor son. Relator's wife was and is unemployed, and both she and their infant son were and are without any income or resources whatsoever.

In April 1957, the relator was refused employment by the Anaconda Company in its mining operations in Montana because, as relator is informed and believes, of an old injury by him sustained.

On or about October 20, 1957, on relator's application therefor and after investigation by the Silver Bow County Department of Public Welfare, the relator was determined to be eligible for general relief assistance, which assistance he received through the month of November 1959. Thereafter, and since such last-mentioned date, the only assistance that relator received for himself and his family from the Silver Bow County Welfare Department was $13.50 on December 4, 1959, — $20 on December 20, 1959, and $20 on January 11, 1960.

Relator's petition further recites: At the time of filing his petition in January 1960, an unanticipated and unforeseen emergency then existed in Silver Bow County, Montana, in that there were 1,274 persons situated similarly as relator, together with some 5,000 other persons inclusive of the family groups, and in that at the time of the filing of relator's petition there was and is no appropriation from which to pay general relief.

On January 27, 1960, upon the relator's aforesaid petition and the supporting affidavits filed therewith, this court issued its alternative writ of mandate returnable on February 4, 1960,

commanding that the respondents take steps to provide for the emergency aforesaid, pursuant to the provisions of R.C.M. 1947, § 71-205, by applying to the State Board of Examiners under the provisions of R.C.M. 1947, § 79-902, for the relief provided therein, or that the respondents show cause before this court on February 4, 1960, why respondents have not done so.

The writ so issued was duly and regularly served upon the respondents named therein and, on the return day so set, February 4, 1960, hearing was duly had, and no just cause or excuse being shown, this court made, filed and entered an order, which, omitting the number and title of the court and cause, reads as follows:

"Order

"In this cause the alternative writ is made permanent to the extent that defendant, State Board of Public Welfare, must forthwith present to the State Board of Examiners written application setting forth the circumstances confronting it with reference to the need for money to carry out the relief program in Silver Bow County and requesting authorization for expenditures to meet the relief requirements in Silver Bow County, Montana.

"The latter board of examiners has discretion in the manner of providing the required funds. Written opinion will follow.

"Done this 4th day of February 1960.

"R. V. BOTTOMLY
"HUGH ADAIR
"ALBERT H. ANGSTMAN
"Associate Justices"

The above order makes no provision for the payment of any attorney's fees for the reason that at the hearing, relator's counsel, W. B. Freebourn, Esq., in open court, expressly waived any and all attorney's fees for the services rendered by him to or on behalf of the relator in connection with this action and proceeding.

Pursuant to the above order and mandate, the respondents, the State Board of Public Welfare and W. J. Fouse, as State Administrator of Public Welfare, applied to the State Board of Examiners as provided for in R.C.M.1947, § 79-902, and were granted, by the unanimous vote of Governor J. Hugo Aronson, Attorney General Forrest H. Anderson and Secretary of State Frank Murray, comprising the State Board of Examiners, full authority to use the funds necessary for the proper fulfillment of the purposes set forth in the Public Welfare Act, being Title 71, Revised Codes of Montana of 1947.

Thereafter, on February 15, 1960, the Anaconda Company and the employees involved, reached settlement agreement after a 181-day strike in the copper industry in Montana, which strike was a contributing factor in precipitating such emergency.

MR. JUSTICE BOTTOMLY concurs.

MR. JUSTICE ANGSTMAN:

I would simply order dismissal of the proceeding as presenting nothing but a moot question under the circumstances.

MR. CHIEF JUSTICE HARRISON:

I stated my views herein when I dissented to the issuance of the alternative writ as follows:

This proceeding seeks to control the discretion of an administrative board.

Article IV, section 1 of our Constitution provides that the powers of the government of this state are divided into three distinct departments, the legislative, executive, and judicial. It further provides that no person or collection of persons charged with the exercise of powers belonging to one department shall exercise any powers belonging to either of the others, except as otherwise expressly directed or permitted by the Constitution. I find no provision in our Constitution granting to

this court supervision over administrative boards of the executive branch.

I do find a myriad of pronouncements by this court to the effect that it may not interfere with discretionary powers of administrative boards.

This court has also observed that the purpose of the constitutional provision is to constitute each department an exclusive trustee of the power vested in it, accountable only to the people for its faithful exercise, so each may act as a check on the other, and thus prevent tyranny and oppression which would result from lodging all power in the hands of one body.

This court has stated that whenever a particular executive duty requires the exercise of political or administrative discretion it has deemed itself without power to interfere, whether such discretion was wisely exercised or not.

By reason of the provisions of our Constitution and the many precedents existing in the opinions of this court, I deem this matter to be one over which our court has no jurisdiction, and I therefore do not concur in the issuance of this order.

MR. JUSTICE CASTLES:

I dissent to the foregoing disposal of the cause. It is only a recitation of the events and is not based on any law.